MORRIS PETERSON
Steve Morris, Bar No. 1543
Email: sm@morrislawgroup.com
Akke Levin, Bar No. 9102
Email: al@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 474-9400
Facsimile:   (702) 474-9422

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

OLIN CORPORATION, and PIONEER
AMERICAS LLC D/B/A OLIN CHLOR
ALKALI PRODUCTS,

     Plaintiffs,

     v.

CONTINENTAL CASUALTY
COMPANY, FACTORY MUTUAL
INSURANCE COMPANY, ZURICH
AMERICAN INSURANCE COMPANY,
ZURICH INSURANCE IRELAND LTD.,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA, and ACE AMERICAN
INSURANCE COMPANY,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2:10-CV-_____

## COMPLAINT AND JURY DEMAND

Plaintiffs, Olin Corporation ("Olin") and Pioneer Americas LLC d/b/a Olin Chlor Alkali Products ("Pioneer") (collectively, "Plaintiffs"), for their complaint against defendants Continental Casualty Company ("Continental Casualty"), Factory Mutual Insurance Company ("FM"), Zurich American Insurance Company ("Zurich American"), Zurich Insurance Ireland Ltd. ("Zurich Ireland"), National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"), and ACE American Insurance Company ("ACE"), allege as follows:

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1

## JURISDICTION AND VENUE

1.     This Court has subject-matter jurisdiction over this suit under 28 U.S.C. § 1332(a). There is complete diversity of citizenship, as described in paragraphs 8 through 15, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.     Plaintiffs seek, *inter alia*, declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Federal Rule of Civil Procedure 57.  All parties who have a claim or interest that would be affected by this Court's declaration and judgment are parties to this proceeding.

3.     This District is a proper venue under 28 U.S.C. § 1391(a)(2).  A substantial part of the acts, events, and omissions giving rise to the claims took place in this District, and the property at issue is located in this District.

## INTRODUCTION

4.     Plaintiff Pioneer, a wholly owned subsidiary of Olin, owns and operates a chlor alkali plant located at 350 Fourth Street, Henderson, Nevada (the "Henderson Plant" or the "Plant").  Olin purchased two types of insurance coverage to protect against damage to the Henderson Plant.  First, Olin purchased a specialized all-risk "boiler and machinery" policy from Continental Casualty that covers damage and loss from sudden and accidental breakdowns to machinery and equipment at the Plant, including business interruption and extra expenses therefrom (hereafter, the "Boiler and Machinery Policy").  Olin also purchased, and FM, Zurich American, Zurich Ireland, National Union, and ACE (collectively, the "Property Insurers") agreed to provide, general all-risk property insurance coverage that insures Olin and Pioneer against losses, including business interruption and extra expenses, from physical loss or damage to the Henderson Plant (hereafter, the "Property Insurance Policies").

5.     In December of 2008, the Henderson Plant experienced sudden and accidental breakdowns of production machinery insured under Continental Casualty's Boiler and Machinery Policy.  These breakdowns resulted in physical damage to other production equipment insured by Continental Casualty, including the Cell Circuit, and an interruption of Olin's business and loss of business income.  Olin's resulting losses include millions of dollars in physical damage, business

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

2

interruption, and additional expenses (the "Henderson Damage and Losses" or the "Damage and Losses"). Continental Casualty has admitted liability for a portion of the Henderson Damage and Losses, but has unreasonably denied coverage for a large portion of the Damage and Losses and has failed to pay any portion of the Damage and Losses, breaching its contractual obligations to Olin. Continental Casualty has also acted in bad faith by prematurely and unreasonably filing a declaratory judgment action repudiating Continental Casualty's Boiler and Machinery Policy without conducting an adequate investigation.

6.      Equipment at the Henderson Plant is also insured by the Property Insurers. To the extent that coverage for the Henderson Damage and Losses is not provided by Continental Casualty's Boiler and Machinery Policy, the Property Insurers – FM, Zurich American, Zurich Ireland, National Union, and ACE – are obligated to pay the Henderson Damage and Losses.

7.      Neither Continental Casualty nor the Property Insurers have paid for the Henderson Damage and Losses; such defendants are liable for indemnifying Olin for the full Henderson Damage and Losses.

## THE PARTIES

8.      Plaintiff Olin Corporation is a Virginia corporation with its principal place of business in Clayton, Missouri.

9.      Plaintiff Pioneer Americas LLC, doing business as Olin Chlor Alkali Products, is a Delaware limited liability company with its principal place of business in Clayton, Missouri. PCI Chemicals Canada Company, is the sole member and owner of Pioneer Americas LLC. PCI Chemicals Canada Company is a Nova Scotia corporation and has its principal place of business in Montreal, Quebec, Canada. Pioneer Companies, LLC owns the stock of PCI Chemicals Canada Company. Plaintiff Olin Corporation is the sole member and owner of Pioneer Companies, LLC.

10.     Defendant Continental Casualty Company is an Illinois corporation with its principal place of business in Chicago, Illinois. Continental Casualty is registered to do business and authorized to sell insurance in Nevada, and is doing and transacting business in the state.

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

3

11. Defendant Factory Mutual Insurance Company is a Rhode Island corporation with its principal place of business in Johnston, Rhode Island. FM is registered to do business and authorized to sell insurance in Nevada, and is doing and transacting business in the state.

12. Defendant Zurich American Insurance Company is a New York corporation with its principal place of business in Schaumburg, Illinois. Zurich American is registered to do business and authorized to sell insurance in Nevada, and is doing and transacting business in the state.

13. Defendant Zurich Insurance Ireland Ltd. is an Ireland entity with its principal place of business in Dublin, Ireland. Pursuant to a service of suit clause in Zurich Ireland policy number WB 0801324, Zurich Ireland agreed that it would submit to the jurisdiction of any court of competent jurisdiction in the United States chosen by the policyholders Olin and Pioneer.

14. Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania, is a Pennsylvania corporation with its principal place of business in New York, New York. National Union is registered to do business and authorized to sell insurance in Nevada, and is doing and transacting business in the state.

15. Defendant ACE American Insurance Company is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. ACE is registered to do business and authorized to sell insurance in Nevada, and is doing and transacting business in the state.

## THE HENDERSON DAMAGE AND LOSSES

### A.    The Henderson Plant

16. The Henderson Plant separates salt-water brine into chlorine, caustic soda, and hydrogen gas, and then processes these chemicals so that they can be sold on the market. The Henderson Plant was built in the 1940s and is continuously updated and modernized. Pioneer employs more than 100 people at the Plant.

17. At the Henderson Plant, salt-water brine is initially separated into chlorine, cell liquor (dilute caustic soda), and hydrogen in the Cell Circuit. The Cell Circuit is composed of 180 diaphragm cells in which an electrochemical reaction separates the salt-water brine into chlorine

MORRIS PETERSON
ATTORNEYS AT LAW
100 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

4

gas, hydrogen gas, and cell liquor.  Chlorine, hydrogen, and caustic soda are then separately processed for sale.

18.    The chlorine is processed in the Chlorine Liquefaction System where chlorine gas from the Cell Circuit is liquefied and impurities are removed.  The Chlorine Liquefaction System is a closed system, and chlorine is pulled through it by a compressor.  Two key parts of the Chlorine Liquefaction System are the "Wet Brinks" and "Dry Brinks," both of which work to filter out impurities in the chlorine.  The Wet Brinks consists of four "demister" filter elements and a Wet Brinks vessel that houses the elements.  The Dry Brinks consists of two filter elements and a Dry Brinks vessel that houses the elements.

**B.    The Henderson Damage and Losses**

19.    The Plant conducted a planned maintenance shutdown from December 1, 2008, to December 15, 2008.  On December 15, Henderson Plant personnel attempted to restart the Plant but were forced to shut it down after a leak was discovered.

20.    The Henderson Plant was restarted at approximately 9:00 a.m. on December 17, 2008.  The Cell Circuit, Wet Brinks, and Dry Brinks were operating normally and were undamaged.

21.    That evening, Henderson Plant personnel identified abnormal pressure readings in the Chlorine Liquefaction System and began to conduct troubleshooting activities.  At approximately 7:00 p.m., the Wet Brinks vessel imploded, and the Plant was forced to shut down immediately.  The damage to the Wet Brinks required repair and replacement of the Wet Brinks.

22.    After reconfiguring the Chlorine Liquefaction System to bypass the Wet Brinks vessel temporarily, Plant personnel attempted to restart the Plant on December 23, 2008.

23.    Soon after beginning start-up on December 23, Plant personnel determined that the Dry Brinks elements were not functioning properly, had been damaged, and required repair or replacement.  Because of the damage to the Dry Brinks, Plant personnel were forced to abort the December 23, 2008 start-up before the Cell Circuit could achieve normal operations.

24.    On December 25, 2008, with new elements in the Dry Brinks, the Plant was restarted at around 8:00 a.m.  Soon after the Plant restarted, instrument readings showed

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

5

potentially explosive levels of hydrogen in the chlorine.  These levels exceeded the Plant's ability to operate safely and again forced the shutdown of the Plant.

25.     Investigation after the December 25, 2008, shutdown revealed that the Cell Circuit had suffered extensive damage and that all 180 cells were seriously damaged and needed to be repaired.

26.     The Henderson Damage and Losses were all a result of one process of damage set in motion by the implosion of the Wet Brinks.

**C.  The Repair**

27.     Pioneer and Olin worked around the clock to repair the cells in the Cell Circuit so that the Henderson Plant could be started with a reduced Cell Circuit.

28.     On February 4, 2009, the Plant restarted at a reduced capacity with a reduced circuit of 140 repaired cells.  On April 3, 2009, the Plant restarted with all 180 repaired cells online.

29.     As a result of the damage to the Henderson Plant, Olin and Pioneer suffered millions of dollars in property damage, business interruption, and extra expense losses.

## PLAINTIFFS' INSURANCE COVERAGES

30.     Olin purchased and Continental Casualty agreed to provide boiler and machinery and business interruption insurance coverage under the Boiler and Machinery Policy.  Olin purchased and the Property Insurers agreed to provide all-risk property and business interruption insurance covering equipment and machinery at the Henderson Plant under the Property Insurance Policies.  No defendant has paid Olin's claim for the Henderson Damage and Losses; defendants are liable for indemnifying Olin for the full Henderson Damage and Losses.

**A.     The Continental Casualty Boiler and Machinery Policy**

31.     Continental Casualty sold Olin Boiler and Machinery insurance policy number BM1098443747 for the policy year, December 15, 2008, to December 15, 2009.

32.     In the insuring agreement of the Boiler and Machinery Policy, Continental Casualty promises to provide coverage as follows:

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9900
FAX 702/474-9422

6

A.   **COVERAGE**

We will pay for direct damage to Covered Property caused by a Covered Cause of Loss.

    1.   **Covered Property**

        Covered Property, as used in this Coverage Part, means any property that:

        a.   You own; or

        b.   Is in your care, custody or control and for which you are legally liable.

                  \* \* \*

    3.   **Covered Cause of Loss**

        A Covered Cause of Loss is an "accident" to an "object" shown in the Declarations.  An "object" must be in use or connected ready for use at the location specified for it at the time of the "accident".

33.   The Boiler and Machinery Policy defines "Accident" as follows:

    1.   **"Accident"** means a sudden and accidental breakdown of the "object" or a part of the "object".  At the time the breakdown occurs, it must manifest itself by physical damage to the "object" that necessitates repair or replacement.

None of the following is an "accident":

    a.   Depletion, deterioration, corrosion or erosion;

    b.   Wear and tear;

    c.   Leakage at any valve, fitting, shaft seal, gland packing, joint or connection;

    d.   Breakdown of any electronic computer or electronic data processing equipment;

                  \* \* \*

    g.   The functioning of any safety or protective device.

34.   The Boiler and Machinery Policy defines an "Object" as follows:

MORRIS PETERSON
ATTORNEYS AT LAW
)00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

7

1.   Boiler, fired vessel, unfired vessel normally subject to vacuum or internal pressure other than weight of its contents, refrigerating and air conditioning vessels, and any metal piping and its accessory equipment;

2.   Mechanical or electrical machine or apparatus used for the generation, transmission or utilization of mechanical or electrical power.

35.   The Boiler and Machinery Policy provides that: "If an initial 'accident' causes other 'accidents' all will be considered 'one accident'.  All 'accidents' at any one location that manifest themselves at the same time and are the result of the same cause will be considered 'one accident'." The Henderson Damage and Losses all result from "one accident" as so defined.

36.   The Boiler and Machinery Policy also provides a coverage extension promising to provide insurance coverage for business interruption and "extra expense":

1.   We will pay you for your "Actual Loss" and "Extra Expense" during the "Period of Restoration" provided all of the following requirements are met:

a.   The "Actual Loss" and "Extra Expense" must be caused solely by an "accident" to an "object";

b.   The loss must be as a result of direct physical damage to Covered Property;

c.   The "accident" must occur during the time this coverage is in force;

d.   The "object" that has the "accident" must be:

(1)   Specified as covered in the Combined Business Interruption and Extra Expense Schedule;

(2)   At a "location" shown in the Combined Business Interruption and Extra Expense Schedule; and

(3)   In use or connected ready for use.

37.   Olin gave Continental Casualty timely notice of its claim for the Henderson Damage and Losses.

38.   Continental Casualty has admitted that claims for damage to the Wet Brinks and Dry Brinks are covered under its Boiler and Machinery Policy, but has denied coverage for a large

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

8

portion of the Henderson Damage and Losses. Continental Casualty has not paid any portion of the Henderson Damage and Losses.

**B.      The Property Insurance Policies**

39.      FM sold Olin Property Insurance Policy number LG518, Zurich American sold Olin Property Insurance Policy number MCP4475927-00, Zurich Ireland sold Olin Property Insurance Policy number WB 0801324, National Union sold Olin Property Insurance Policy number 263 27 69, and ACE sold Olin Property Insurance Policy number PGL N05064843 as part of a combined all-risk first-party Property Insurance Program for the policy year, December 15, 2008, through December 15, 2009. Under the Property Insurance Program, FM is responsible to pay 50% of any loss under the Property Insurance Policies, Zurich American and Zurich Ireland are responsible to pay 10%, National Union is responsible to pay 20%, and ACE is responsible to pay 20%.

40.      The Property Insurers promised to provide coverage for all risks of physical loss or damage to the Henderson Plant unless explicitly excluded under the insurance policy. For example, FM promised to provide coverage as follows:

> This Policy covers property, as described in this Policy, against ALL RISK OF PHYSICAL LOSS OR DAMAGE, except as hereinafter excluded, while located as described in this Policy.

41.      The Property Insurance Policies also promise to provide coverage for business interruption, extra expense, and other "Time Element Coverage" as follows:

> This Policy insures TIME ELEMENT loss, as provided in the TIME ELEMENT COVERAGES, directly resulting from physical loss or damage of the type insured by this Policy:

42.      The Property Insurance Policies sold by National Union, ACE, Zurich American, and Zurich Ireland also provide "Difference-in-Conditions" boiler and machinery coverage when such coverage is not provided by other coverage, for example, Continental Casualty's Boiler and Machinery Policy. Difference-in-Conditions ("DIC") insurance coverage provides gap-filling coverage when a loss is not covered in an underlying insurance policy but is covered in the DIC policy.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

9

43.     Olin and Pioneer gave the Property Insurers timely notice of the claim for the Henderson Damage and Losses.

## INSURERS' INVESTIGATION

44.     In response to requests for information from Continental Casualty and the Property Insurers, Olin produced more than 1900 pages of documents; arranged numerous visits to the Nevada Plant by Continental Casualty and the Property Insurers; exhibited and conducted sampling of damaged equipment at the Plant; shared testing results according to an agreed protocol negotiated with Continental Casualty and the Property Insurers; and arranged phone and in-person interviews with numerous Henderson Plant employees, Olin employees, and outside engineering experts.

45.     On October 8, 2009, Continental Casualty sent a letter to Olin that "acknowledged coverage under the [Boiler and Machinery] Policy for the claims resulting from damage to the Wet and Dry Brinks vessels."

46.     On January 26, 2010, Continental Casualty's claims adjuster sent a letter denying coverage for the cell damage under Continental Casualty's Boiler and Machinery Policy ("Denial Letter").

A.     **Continental Casualty's Bad-Faith Conduct of Its Investigation**

47.     During the investigation, Olin retained Thielsch Engineering ("Thielsch") to assist in conducting an investigation of its coverage rights.  In that capacity, Olin asked Thielsch to conduct an investigation and prepare a report regarding the cause of the loss.

48.     The Property Insurers and Continental Casualty retained their own experts.

49.     Thielsch participated in numerous meetings and calls throughout the investigation with Continental Casualty and the Property Insurers and the insurers' various experts.

50.     Throughout the investigation Olin provided Continental Casualty (and the Property Insurers) access to a number of Olin's and Pioneer's internal process experts in the Cell Circuit technology.  In addition, Continental Casualty (and the Property Insurers) had access to Thielsch, as Thielsch representatives participated in numerous meetings, calls, and plant visits with Continental Casualty.

MORRIS PETERSON
ATTORNEYS AT LAW
100 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

10

51.     Olin also advised Continental Casualty (and the Property Insurers) numerous times throughout the insurers' investigation that it intended to disclose a copy of the Thielsch report once it was completed.

52.     Nonetheless, in its Denial Letter, Continental Casualty asserted that Olin had failed to provide a report from Thielsch, and thus had breached its "duty to cooperate." The Thielsch report was the only request for information identified by Continental Casualty as outstanding in its Denial Letter.

53.     Notwithstanding its coverage position, Continental Casualty's Denial Letter invited Olin to provide additional information:

> This letter is based on the facts and information provided to Continental in connection with the above-referenced claim. If you have any information which has not been made available to us, which could have bearing on our decision, we invite you to submit that information for our review and consideration.

54.     In response to Continental Casualty's January 26, 2010 Denial Letter, Olin sent a letter on February 19, 2010, again reiterating its often-stated position that Olin anticipated providing a copy of the Thielsch report to Continental Casualty once it was completed. As of the filing of this complaint, Thielsch is still working to complete its report.

55.     Continental Casualty failed to respond to or acknowledge receipt of Olin's February 19, 2010 letter.

**B.     Continental Casualty's Unreasonable Coverage Decision**

56.     Without responding to Olin's February 19, 2010 letter and despite inviting Olin to submit additional information, Continental Casualty filed a complaint against Olin for a declaratory judgment on February 26, 2010, in the United States District Court for the Eastern District of Missouri.

57.     Continental Casualty's Missouri complaint seeks a declaration that the Boiler and Machinery Policy does not apply to pay Olin's loss, alleging that "corrosion" is the proximate cause of the damage to the Cell Circuit. Continental Casualty's complaint also seeks a declaration that Olin breached its duty to cooperate.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

58.     In its January 26, 2010 Denial Letter and in its Missouri complaint, Continental Casualty takes the unreasonable position that "the cause of the damage to the electrolytic diaphragm cells was corrosion."

59.     The facts and information that Olin produced to Continental Casualty demonstrate that the Cell Circuit damage is a covered loss under Continental Casualty's Boiler and Machinery Policy.

60.     Furthermore, in breach of a confidentiality agreement between Continental Casualty and Olin – protecting information that Olin disclosed to Continental Casualty during Continental Casualty's investigation – Continental Casualty gratuitously attached to its Missouri complaint a copy of an email that contained Olin's confidential information detailing operational conditions and technical analysis specific to the Henderson Plant.  It has taken no steps to seal or remove that protected document from the public domain.

## C.     Olin's Claims

61.     In September 2009, Olin sought payment from Continental Casualty for the Henderson Damage and Losses, providing Continental Casualty a schedule of Olin's damages and supporting documentation.

62.     Despite acknowledging its liability for damage to the Wet Brinks and Dry Brinks, Continental Casualty has not paid Olin for any portion – whether disputed or undisputed – of the Henderson Damage and Losses.

<u>**COUNT I**</u>

**BREACH OF CONTRACT**
**Against Continental Casualty**

63.     Olin repeats and realleges herein the material factual allegations in paragraphs 1 through 62 above.

64.     The Boiler and Machinery Policy is a valid and binding contract between Olin and Continental Casualty.

65.     The Boiler and Machinery Policy obligates Continental Casualty to pay Olin in full up to the policy limits for the Henderson Damage and Losses, including the Cell Circuit damage

MORRIS PETERSON
ATTORNEYS AT LAW
)00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

12

and resulting business interruption, loss of business income, and extra expenses, less the applicable deductible.

66.     Continental Casualty breached the Boiler and Machinery Policy by issuing its January 26, 2010 Denial Letter and filing a declaratory judgment action seeking to avoid its responsibilities to pay for the Cell Circuit damage and resulting business interruption and extra expense.

67.     Continental Casualty breached the Boiler and Machinery Policy by failing to make payment for any portion of the Henderson Damage and Losses.

68.     Olin performed its obligations under the Boiler and Machinery Policy.  All conditions precedent to Olin's rights to recover under the Boiler and Machinery Policy occurred or were waived.

69.     Continental Casualty's breaches of its Boiler and Machinery Policy caused Olin to suffer actual, consequential, and special losses in a substantial amount that is accruing by the day.

70.     As a direct and proximate result of Continental Casualty's breach of its Boiler and Machinery Policy, Olin suffered damages in an amount to be proven at trial including, but not limited to, attorneys' fees, costs, loss of use of funds, expenses, and other damages.

## COUNT II

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING
### Against Continental Casualty

71.     Olin repeats and realleges herein the material factual allegations in paragraphs 1 through 70 above.

72.     Continental Casualty's Boiler and Machinery Policy is a valid and binding insurance contract between Olin and Continental Casualty.

73.     Continental Casualty acted in bad faith by (1) unreasonably denying coverage for the Cell Circuit damage despite information produced to Continental Casualty that established that the Cell Circuit damage was covered by the Boiler and Machinery Policy; (2) prematurely and unreasonably filing a declaratory judgment action repudiating the Boiler and Machinery Policy without conducting an adequate investigation and despite demanding additional information that

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

13

Olin informed Continental Casualty would be forthcoming; (3) publicly disclosing confidential information regarding Olin's operations in breach of Continental Casualty's specific agreement with Olin to maintain the confidentiality of such information; and (4) unreasonably delaying payment to Olin for the Henderson Damage and Losses.

74.   Based on information produced to Continental Casualty, Continental Casualty knew it was unreasonable to deny coverage for the Cell Circuit damage or denied coverage with a reckless disregard to this fact.

75.   Continental Casualty knew that it was unreasonable to prematurely file a declaratory judgment action repudiating the Boiler and Machinery Policy when it knew that additional information it demanded as part of its investigation was forthcoming.

76.   As a direct and proximate result of these and other acts in breach of Continental Casualty's duty of good faith and fair dealing, Olin suffered damages in an amount to be proven at trial including, but not limited to, attorneys' fees, costs, loss of use of funds, expenses, and other damages.

77.   In addition, Continental Casualty's conduct has been malicious and oppressive; Olin is entitled to recover punitive damages for Continental Casualty's breach of its duty of good faith and fair dealing.

## COUNT III

### VIOLATION OF NEVADA REVISED STATUTES § 686A.310
### Against Continental Casualty

78.   Olin repeats and realleges herein the material factual allegations in paragraphs 1 through 77 above.

79.   The Boiler and Machinery Policy is a valid and binding insurance contract between Olin and Continental Casualty.

80.   Continental Casualty has engaged in unfair practices in violation of Nevada Revised Statutes § 686A.310 by (1) failing to acknowledge or act reasonably promptly in response to Olin's letter dated February 19, 2010; (2) failing to effectuate prompt, fair, and equitable settlement of Olin's claims after Continental Casualty's liability had become reasonably clear; and

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

14

(3) compelling Olin to institute litigation to recover amounts due under the Boiler and Machinery Policy.

81.     Continental Casualty's violations of Nevada Revised Statutes § 686A.310 proximately caused harm and damage to Olin.

82.     As a direct and proximate result of these and other acts in violation of Nevada Revised Statutes § 686A.310, Olin has suffered damages in an amount to be proven at trial including, but not limited to, attorneys' fees, costs, loss of use of funds, expenses, and other damages.

83.     In addition, Continental Casualty's conduct was malicious and oppressive.  Olin also should be awarded punitive damages pursuant to Nevada Revised Statutes § 42.005.

**COUNT IV**

**DECLARATORY JUDGMENT – RIGHT TO RECOVER**
**UNDER CONTINENTAL CASUALTY'S BOILER AND MACHINERY POLICY**
**Against Continental Casualty**

84.     Plaintiffs repeat and reallege herein the material factual allegations in paragraphs 1 through 83 above.

85.     Contrary to the facts and evidence, Continental Casualty contends that Olin is not entitled to recover under the Continental Casualty Policy for damage to the Cell Circuit, though Olin plainly is.  This dispute between Continental Casualty on one hand and Olin and Pioneer on the other is an actual controversy of a justiciable nature between parties whose legal interests are adverse.  Moreover, the dispute is real, substantial, and immediate and would be conclusively resolved by a declaration of this Court.

86.     Olin and Pioneer are entitled to a judgment declaring that the Henderson Damage and Losses is covered under the Continental Casualty Policy.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

15

## COUNT V

### DECLARATORY JUDGMENT – RIGHT TO RECOVER
### UNDER THE PROPERTY INSURANCE POLICIES
### Against FM, National Union, Ace, Zurich American, and Zurich Ireland

87.     Plaintiffs repeat and reallege herein the material factual allegations in paragraphs 1 through 4; paragraphs 6 through 25; paragraphs 27 through 30; and paragraphs 39 through 55 above.

88.     Each Property Insurance Policy is a valid and binding contract between Olin and Pioneer and the respective Property Insurer.  Olin and Pioneer performed their obligations under the Property Insurance Policies.  All conditions precedent to Olin's and Pioneer's rights to recover under the Property Insurance Policies occurred or were waived.

89.     The Henderson Plant, the Cell Circuit, the Wet Brinks and the Dry Brinks are covered property under the Property Insurance Policies.

90.     The cause of the Henderson Damage and Losses is not excluded by the Property Insurance Policies.

91.     Under the Property Insurance Policies, the Property Insurers are liable for the Henderson Damage and Losses to the extent that they are not covered under Continental Casualty's Boiler and Machinery Policy.

92.     The Property Insurers have failed to provide coverage for the Henderson Damage and Losses.

93.     There is an actual controversy of a justiciable nature between adverse parties, Olin and Pioneer and the Property Insurers, arising out of the legal relationship of the parties under the Property Insurance Policies.  Moreover, the dispute is real, substantial, immediate, and among parties whose legal interests are adverse.  A declaration of this Court would conclusively resolve the dispute.

94.     Olin and Pioneer are entitled to a judgment declaring that the Henderson Damage and Losses are covered by the Property Insurance Policies to the extent that the loss is not covered under Continental Casualty's Boiler and Machinery Policy.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

16

## PRAYER FOR RELIEF

*WHEREFORE*, Plaintiffs pray for Judgment as follows:

A.      On Count I, Judgment in Olin's favor and against Continental Casualty for actual and consequential damages for breach of contract, in an amount to be established at trial.

B.      On Count II, Judgment in Olin's favor and against Continental Casualty for actual, consequential, and punitive damages for breach of the duty of good faith and fair dealing, in an amount to be established at trial.

C.      On Count III, Judgment in Olin's favor and against Continental Casualty for actual, consequential, and punitive damages for violating Nevada Revised Statutes § 686A.310, in an amount to be established at trial.

D.      On Count IV, Judgment in Plaintiffs' favor and against Continental Casualty declaring that the Henderson Damage and Losses is covered under Continental Casualty's Boiler and Machinery Policy.

E.      On Count V, Judgment in Plaintiffs' favor and against the Property Insurers declaring that the Henderson Damage and Losses are covered by the Property Insurance Policies to the extent that the loss is not covered under Continental Casualty's Boiler and Machinery Policy.

F.      On All Counts:

   a.      Attorneys' fees,

   b.      Costs,

   c.      Pre- and post-judgment interest, and

   d.      Any and all such further relief as this Court deems just and proper.

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

Dated:  April 29, 2010

MORRIS PETERSON

By: _____
Steve Morris, Bar No. 1543
Akke Levin, Bar No. 9102
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

*Attorney for Plaintiffs, Olin Corporation
and Pioneer Americas LLC*

Of Counsel:

Craig C. Martin
Eamon P. Kelly
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel.:  (312) 222-9350

– and –

Lorelie S. Masters
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Tel.:  (202) 639-6000

*Attorneys for Plaintiff, Olin Corporation
(pro hac petitions to follow)*

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

18