IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

OLIN CORPORATION and
PIONEER AMERICAS LLC D/B/A
OLIN CHLOR ALKALI PRODUCTS,

Plaintiffs,

v.

CONTINENTAL CASUALTY
COMPANY, FACTORY MUTUAL
INSURANCE COMPANY, ZURICH
AMERICAN INSURANCE
COMPANY, ZURICH INSURANCE
IRELAND LTD., NATIONAL
UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA, and ACE
AMERICAN INSURANCE
COMPANY,

Defendants.

CASE NO.: 2:10-cv-00623-GMN-RJJ

**STIPULATED PROTECTIVE
ORDER**

To facilitate discovery during the course of this proceeding, particularly the exchange of documents, things, information, testimony, and other evidence that the parties may consider confidential business information or that may be subject to a claim of privilege, the parties hereby stipulate, pursuant to Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502, that the following procedures shall be employed in this matter:

**CONFIDENTIAL INFORMATION**

1.      **Definition of "Confidential Information."** "Confidential Information" as used herein means nonpublic confidential commercial information that is designated or marked "CONFIDENTIAL" by the supplying person, whether it be a document, deposition testimony, information contained in an interrogatory answer or otherwise, and contains one or more of the

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

following categories of information:  (i) confidential and/or proprietary financial and/or business and/or commercial information; (ii) information that could cause an advantage to competitors by providing them information as to the commercial operations of the person or entity making the disclosure; and/or (iii) personal or employment-related information concerning the producing person or entity or any of their employees.  The designation of documents as confidential shall include all copies, extracts and summaries prepared from such documents.

2.    **Definition of "Qualified Person."**  "Qualified Person" as used herein means:

(a)    Outside and in-house attorneys for any party to this action and employees of such counsel to whom it is necessary that the Confidential Information be revealed for purposes of this action (including members and associates of such counsel, legal assistants, secretarial and clerical personnel);

(b)    This Court and all persons employed by this Court;

(c)    A named party and any of its current officers, directors or employees;

(d)    Experts or consultants retained by the parties, to the extent it is necessary to confer with such persons concerning the prosecution or defense of any claim in this action.  Any such person shall execute an agreement in writing, in substantially the same form as the agreement attached hereto at Exhibit A, stating that he or she has read a copy of this Protective Order and agrees to be bound by its terms, which agreement shall be retained by counsel for the party retaining the expert;

(e)    Persons noticed for depositions or designated as trial witnesses and their counsel, to the extent deemed necessary by counsel for any of the parties in order to prepare or examine such witnesses;

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

- 2 -

(f)     Third parties employed by a party or its counsel in a litigation support capacity to review, organize, encode, copy, store or retrieve documents produced in this action;

(g)     Court reporters and videographers retained to transcribe or record testimony in connection with this matter;

(h)     Any other person as to whom the parties first agree in writing and who agrees in writing to be bound by the terms of this Protective Order; and

(i)     Any other person who is designated as a Qualified Person by Order of this Court, after notice to all parties and to the person or entity who provided the Confidential Information.

3.     **Disclosure and Use of Confidential Information.** Confidential Information produced in this litigation shall be used solely for the purposes of this action, and shall not be disclosed or otherwise made available to persons other than Qualified Persons.  However, a party may disclose Confidential Information beyond the terms of this Protective Order provided that it obtains prior consent for such disclosure from the party or entity designating the Confidential Information as "CONFIDENTIAL." Notwithstanding the foregoing, nothing in this Protective Order shall be construed to limit the ability of a party to disclose its own Confidential Information to any person, party or entity, or to use it in any way.  Nor shall this Order be construed to prohibit any person, party or entity from using or disclosing documents or other information that was obtained independently of discovery or trial in this lawsuit.

4.     **Designation of Confidential Documents.**  Confidential documents shall include all documents and copies thereof which a person or entity producing or exchanging such documents has designated as confidential by marking each document "CONFIDENTIAL."  In lieu of marking the originals

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

- 3 -

of documents, the person or entity may mark the copies that are produced or exchanged. All documents shall be designated as "CONFIDENTIAL" at the time of production.

5. **Applicability to Third Parties**. Third parties producing documents in the course of this action may also designate documents as "CONFIDENTIAL" subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. Unless otherwise agreed, all documents produced by such third parties shall be treated as "CONFIDENTIAL" for a period of 15 days from the date of their production, and during that period any party may designate such documents as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

6. **Use of Confidential Information in a Deposition**.

(a) All persons present at the taking of any deposition in which Confidential Information is disclosed shall be made aware of, and will be subject to, this Protective Order. If any person other than a Qualified Person as defined in Paragraph 2 of this Protective Order is present at the deposition, that person shall not be permitted to be present while Confidential Information is used during the deposition.

(b) Those portions of the deposition in which Confidential Information is discussed shall be designated as Confidential Information under the terms of this Protective Order. Confidentiality designations for depositions shall be made either on the record or by written notice to the other parties within 15 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "CONFIDENTIAL" during the 15-day period following receipt of the transcript.

7. **Inadvertent Production of Confidential Information**. The inadvertent production of any Confidential Information that does not contain a

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

"CONFIDENTIAL" designation shall not be deemed to be a waiver, in whole or in part, of that person's or entity's claim that such material is Confidential Information entitled to protection pursuant to the terms of this Protective Order. Any party who inadvertently fails to designate such documents as "CONFIDENTIAL" shall, promptly upon discovery of its oversight, provide notice of the error to all parties receiving such information, and shall substitute appropriately-designated documents.  Any party receiving such notice shall immediately return, expunge or destroy the improperly-designated documents and treat all information contained in or derived from such documents as "CONFIDENTIAL" pursuant to this Order.  In the event that the receiving party had previously disclosed improperly-designated documents to any other person or entity, it shall undertake reasonable efforts to retrieve such documents and destroy them or return them to the producing party.

8.   **Filing of Documents Attaching or Incorporating Confidential Information.**

(a)   If documents or information covered by this Protective Order are filed with this Court, or attached to or incorporated in any document filed with this Court, such documents shall be filed under seal in accordance with the local rules of this Court and this Stipulated Protective Order.

(b)   The title and caption of any document filed with this Court that attaches or incorporates documents or information covered by this Protective Order, shall include the following statement: "Filed Under Seal— Confidential Information in Olin & Pioneer v. Continental Casualty, et al."

(c)   In the event a party uses any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this action, such Confidential Information used therein shall be maintained under seal by the Court.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

(d)    Prior to disclosure at trial or a hearing of materials or information designated "CONFIDENTIAL," the parties may seek further protections against public disclosure from the Court.

9.    **Disputing Confidential Designation.**  If any party disputes, in full or in part, the designation of certain information as "CONFIDENTIAL" it shall so inform the designating person or entity in writing, specifying the information at issue and the grounds for questioning the confidentiality designation.  The parties shall thereafter confer as to the status of the subject information within ten (10) days of receipt of the objection.  If the designating person or entity declines to withdraw the designation before or at the conference, the objecting party may raise the issue of the designation with the Court.  Until the Court issues an order determining the validity of the designation, the documents shall be treated as "CONFIDENTIAL" pursuant to this Protective Order.

10.    **Return of Documents and Termination of Protective Order.** Unless otherwise agreed by the person or entity producing such information, within sixty (60) days after final determination of this action, including any appeals, each party shall return all Confidential Information in its possession or control and all copies thereof to the person or entity who furnished it, and all documents and other material prepared by or on behalf of a party, its counsel or consultants thereto containing any Confidential Information of another person shall be at the same time destroyed to the extent it contains such Confidential Information.  However, counsel for the parties shall be entitled to retain a set of all documents filed with the Court or marked as exhibits at any deposition, hearing or trial, and all correspondence generated in connection with the action.

11.    **Removal of Documents from Court File**.  Within sixty (60) days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall be allowed to remove any

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

materials designated by that party as "CONFIDENTIAL" from the office of the Clerk of Court.

12. **No Evidentiary Value**. The fact that a document may have been marked as "CONFIDENTIAL" shall not be given any evidentiary value.

## PRIVILEGED INFORMATION

13. **Inadvertent Production of Privileged Material**. The inadvertent production of material that is subject to the attorney-client privilege, work-product doctrine or other privilege, protection or immunity from discovery shall not be deemed to be a waiver of the producing party's right to assert a claim of privilege, work product or other protection or immunity with respect to the produced materials and/or any materials related to the subject matter thereof.

14. **"Clawback" Agreement**. Any person or entity who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law. However, the fact that such inadvertently produced material may have been designated as "CONFIDENTIAL" shall not be asserted as a basis to compel production.

15. **"No-Subject Matter Waiver."** The production of a document or information during discovery, whether intentional or inadvertent, will not operate as a "subject-matter waiver" with respect to other undisclosed documents. This provision has no application where the allegedly privileged information or document is affirmatively used by a party producing the document in any deposition, proceeding, or motion or is otherwise affirmatively

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

- 7 -

used in the litigation by the person or entity producing the information or document.

## GENERAL PROVISIONS

16.    **ESI Discovery Plan**.  The parties have agreed to the parameters for the discovery of electronically stored information ("ESI") and production of hard-copy documents in this litigation, as set forth in their Stipulated ESI Discovery Plan, which is attached hereto at <u>Exhibit B</u> and is hereby incorporated into this Protective Order.

17.    **Modification; Additional Protection**.  Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking further protections for Confidential Information, or other provisions enhancing or limiting confidentiality as may be appropriate.  Moreover, the parties may mutually agree in writing, or by so stating on the record at any hearing or deposition, to disclose any document or testimony designated as "CONFIDENTIAL" to any person, party or entity that may not otherwise be entitled to see such information pursuant to this Protective Order.

18.    **No Waiver of Objections**.  No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action, or of any position as to discoverability, authenticity, materiality, relevance or admissibility of evidence, or any other objection which may be asserted during the course of this litigation.

19.    **Successor Parties**.  This Protective Order shall apply to all parties and counsel that presently are part of, or may become part of, this action (including any appeal), and their respective successors or assigns.

MORRIS PETERSON
ATTORNEYS AT LAW
)00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

20.   **Survival of Obligations**.  The obligations imposed by this
Protective Order shall survive the termination of this action, and shall continue
in effect until expressly released by the person or entity furnishing documents or
information.  The Court shall retain jurisdiction subsequent to settlement or
entry of judgment to enforce the terms of this Order.

APPROVED AS TO FORM AND CONTENT

MORRIS PETERSON                              FISHER KANARIS, P.C.


By: __/s/Akke Levin_____       By:  _/s/Megan E. Ritenour_____
       Steve Morris, Bar No. 1543               Peter E. Kanaris (admitted *pro hac vice*)
       Akke Levin, Bar No. 9102                 Megan E. Ritenour (admitted *pro hac vice*)
       900 Bank of America Plaza               David E. Heiss (admitted *pro hac vice*)
       300 South Fourth Street                    200 S. Wacker Drive, 22nd Floor
       Las Vegas, Nevada 89101              Chicago, Illinois 60606
                                                            pkanaris@fisherkanaris.com
Attorney for Plaintiffs                          mritenour@fisherkanaris.com
Olin Corporation and Pioneer              dheiss@fisherkanaris.com
Americas LLC

               and                                              and

Craig C. Martin (admitted *pro hac vice*)    HALL PRANGLE & SCHOONVELD
Eamon P. Kelly (admitted *pro hac vice*)    LLC
JENNER & BLOCK LLP
353 N. Clark Street                              Michael E. Prangle, Bar No. 8619
Chicago, IL 60654-3456                       Jonquil L. Urdaz, Bar No. 10783
cmartin@jenner.com                           777 N. Rainbow Blvd., Suite 225
ekelly@jenner.com                             Las Vegas, Nevada 89107
                                                         mprangle@hpslaw.com
               and                                   jurdaz@hpslaw.com

                                                         Attorneys for Defendant
                                                         Continental Casualty Co.

                                                                and

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1 | Lorelie S. Masters (admitted *pro hac vice*)          SNELL & WILMER
2 | JENNER & BLOCK LLP
3 | 1099 New York Ave., NW - Suite 900          By: /s/ Amy Samberg
    Washington, DC  20001                      Amy M. Samberg, Bar No. 10212
4 | lmasters@jenner.com                         Chad R. Fears, Bar No. 6970
                                                3883 Howard Hughes Pkwy - #110
5 | Attorneys for Plaintiffs                    Las Vegas, Nevada  89169
    Olin Corporation and Pioneer                asamberg@swlaw.com
    Americas LLC
6 |                                             Attorneys for Defendants
7 |                                             Factory Mutual Insurance Co.;
                                                Zurich American Insurance Co.;
8 |                                             National Union Fire Insurance Co. of
                                                Pittsburgh, Pennsylvania; and Ace
9 |                                             American Insurance Co.

ORDER

IT IS SO ORDERED.

_Robert J. Johnston_

UNITED STATES [DISTRICT][MAGISTRATE] JUDGE

DATED: _October 20, 2010_

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

- 10 -

EXHIBIT A

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

OLIN CORPORATION and
PIONEER AMERICAS LLC D/B/A
OLIN CHLOR ALKALI PRODUCTS,

   Plaintiffs,

  v.

CONTINENTAL CASUALTY
COMPANY, FACTORY MUTUAL
INSURANCE COMPANY, ZURICH
AMERICAN INSURANCE
COMPANY, ZURICH INSURANCE
IRELAND LTD., NATIONAL
UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA, and ACE
AMERICAN INSURANCE
COMPANY,

   Defendants.

CASE NO.: 2:10-cv-00623-GMN-RJJ

**CONFIDENTIALITY AGREEMENT**

  I, _____, state:

  1. I reside at _____;

  2. My present employer is _____

_____;

  3. My present occupation or job title is

_____;

  4. I have read and understand the attached Stipulated Protective Order

("Order") entered in the above case, and I attest to my understanding that access

to information designated as "CONFIDENTIAL" may be provided to me and that

such access shall be pursuant to the terms, conditions and restrictions of the

Order.  I agree to be bound be the terms of the Order, both with respect to this

Court's powers of supervision of the litigation in the above-captioned case and to

the party that produced the protected documents and information.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

5.     I shall not use or disclose to others, except in accordance with the Order, any "CONFIDENTIAL" documents or information.  If I fail to abide by the terms of this Confidentiality Agreement or the Order, I understand that I shall be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected party.  I further consent to the jurisdiction and authority of the United States District Court for the District of Nevada in the event of any violation of this agreement or dispute related to this agreement.

6.     I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the _____ day of _____, _____.


_____

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

EXHIBIT B

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| OLIN CORPORATION and PIONEER AMERICAS LLC D/B/A OLIN CHLOR ALKALI PRODUCTS, ) | CASE NO.: 2:10-cv-00623-GMN-RJJ |
| Plaintiffs, ) | |
| v. ) | STIPULATED ESI DISCOVERY PLAN |
| CONTINENTAL CASUALTY COMPANY, FACTORY MUTUAL INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY, ZURICH INSURANCE IRELAND LTD., NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, and ACE AMERICAN INSURANCE COMPANY, ) | |
| Defendants. ) | |

Plaintiffs Olin Corporation and Pioneer Americas, LLC (collectively "Plaintiffs"); and Defendants Factory Mutual Insurance Co., Zurich American Insurance Co., National Union Fire Insurance Co. of Pittsburgh, Pennsylvania, and Ace American Insurance Co. (collectively "Property Insurers") and Defendant Continental Casualty Co. ("Continental" and, together with the Property Insurers, "Defendants"), each agree to the following parameters regarding the discovery of electronically stored information ("ESI") and hard copy production format in the above-captioned case. To the extent this Plan does not address certain issues, such issues remain open for resolution in a separate plan or plans, either negotiated by the parties or ordered by the Court.

## ESI DISCOVERY PLAN

A party on whom a Request for Production under Federal Rule of Civil Procedure 34 is served shall search for and produce responsive ESI in accordance with the following custodial search protocol. (As used herein, th

MORRIS PETERSON
ATTORNEYS AT LAW
10 BANK OF AMERICA PLAZA
100 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1

1  term "Responding Party" means the party responding to the Request for

2  Production and the term "Requesting Party" means the party that made and

3  served the Request for Production.)

4  I.      **Identification of Responsive Electronic Documents.**

5       A.      **Custodians.**

6            1.      The parties agree to collaborate in good faith to identify the

7  relevant custodians whose ESI will be searched in response to a Request for

8  Production.  The parties agree that the Plaintiffs shall be required to produce ESI

9  in this matter from no more than 15 custodians, that the Property Insurers shall

10 be required to produce ESI in this matter from no more than 15 custodians, and

11 that Continental shall be required to produce ESI in this matter from no more

12 than 15 custodians.

13           2.      Within ten (10) days after service of a Request for

14 Production, the Responding Party will provide all opposing counsel in writing a

15 list of proposed custodians whose ESI will be searched.

16           3.      Within five (5) days of receipt of such a proposed custodian

17 list, the opposing parties shall provide all counsel, in writing, either (i) notice that

18 the proposed custodian list is acceptable, or (ii) a proposed list of alternative

19 and/or additional custodians whose ESI should be searched.

20           4.      Within five (5) days of receipt of a Requesting Party's

21 proposed list of alternative and/or additional custodians, the parties shall meet

22 and confer in good faith to reach agreement on the custodians whose ESI will be

23 searched.  To the extent the parties are unable to reach agreement on all

24 custodians, the Responding Party shall search and produce ESI from all agreed-

25 upon custodians, without delay, and the parties shall reserve their rights to seek

26 appropriate relief from the court with respect to any disputed custodians.

27

28

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

**B.  Search Term and Time Period Selection and Objections.**

1.  The parties agree to collaborate in good faith to identify the relevant search terms and date restrictions to use for purposes of searching the ESI for identified custodians.

2.  Within ten (10) days after service of a Request for Production, the Responding Party will provide all opposing counsel in writing with a list of proposed search terms and date restrictions for use in searching for responsive ESI.

3.  Within five (5) days of receipt of such a proposed custodian list, the Requesting Party shall provide all opposing counsel, in writing, either (i) notice that the proposed search terms and date restrictions are acceptable, or (ii) a proposed list of alternative and/or additional search terms or date restrictions to use in searching for responsive ESI.

4.  Within five (5) days of receipt of a Requesting Party's proposed list of alternative and/or additional search terms or date restrictions, the parties shall meet and confer in good faith to reach agreement on the relevant search terms or date restrictions.  To the extent the parties are unable to reach agreement on all search terms or date restrictions, the Responding Party shall search and produce ESI from all agreed-upon custodians, using the agreed-upon search terms and date restrictions, without delay, and the parties shall reserve their rights to seek appropriate relief from the court with respect to any disputed search terms or date restrictions.

5.  Attachments Included.  Queries will be run against all ESI collected from agreed-upon custodians, including emails and their attachments. If a query returns an email or an attachment to an email, both the email and any attachment(s) will be reviewed and produced, if responsive and non-privileged, and subject to the parties' objections to discovery requests and any agreements reached in the parties' meet-and-confer process.

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

3

C.    **Sources of ESI.**

1.    Sources to be Searched.  For each custodian who is identified as provided herein, the parties will search for ESI that resides in the following repositories associated with that custodian:

a.    active email servers, email archives wherever located, group share folders and document management systems as described below, work (both laptop and desktop) hard drives, and assigned network folders.

2.    Group Share Folders and Document Management Systems. Each party shall make a reasonable effort to identify documents in group share folders and document management systems associated with the identified custodians and shall include the same in the custodial ESI search.

3.    **Back-up Tapes.**

a.    No Search Required.  No party is required to search back-up tapes for responsive documents in the first instance.  Each party reserves its right to request a search of back-up tapes later.  Each party further reserves its right to seek cost shifting or cost sharing in the event that it is compelled to search back-up tapes.

b.    Back-up Tape Recycling.  Parties can apply back-up tape rotation recycling programs as follows:

i.    Plaintiffs can continue and/or restart a 90-day back-up tape recycling rotation at all of its locations.

ii.    Plaintiffs provided the Defendants a list of back up tapes for the Henderson plant that are currently being preserved, attached as Exhibit A.  The parties will preserve these back-up tapes until December 1, 2010. If no party objects to the destruction of these back-up tapes at that time, the back-up tapes will be recycled.

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

4

    4.      No Other Sources.

        A party's obligation to conduct a reasonable search for documents responsive to a discovery request is limited to a search of the sources of ESI specifically identified in this section as described above. The parties shall have no obligation to search for or produce any ESI from any source of ESI, except the sources specifically identified in this section.

**D.**      **Responsiveness Presumption.**

    1.      With respect to ESI, (i) a party's obligation to conduct a reasonable search for ESI in response to propounded discovery requests shall be deemed to be satisfied by searching the specifically indentified ESI sources of the agreed-upon custodian using the agreed-upon search terms, pursuant to the protocol set forth herein; and (ii) a party shall have no obligation to produce any ESI, except documents captured by one or more of the agreed-upon search terms and that are non-privileged and responsive to a specific propounded discovery request.

    2.      The fact that a document is captured by application of search terms to the records of identified custodians pursuant to this protocol does not mean that such document is responsive to any propounded discovery request or otherwise relevant to this litigation. Propounded discovery requests shall govern the scope of documents to be produced, subject to the parties' objections and any agreements reached in the parties' meet-and-confer process.

**E.**      **Reservation of Rights.**

    1.      Notwithstanding this protocol, the parties reserve all rights to object to a Request for Production for any reason permitted under the Federal Rules of Civil Procedure. Further, the fact that any ESI or other document is produced pursuant to the protocols set forth herein shall not be construed as an acknowledgement that such ESI or other document is relevant to the subject matter of this action. The parties expressly reserve any and all objections to the

MORRIS PETERSON
ATTORNEYS AT LAW
3O BANK OF AMERICA PLAZA
IOO SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1    relevance, materiality and admissibility of the ESI and other documents

2    produced pursuant to this Stipulated ESI Discovery Plan.

3    II.    Privilege Protocol.

4         A.    In-House Counsel.

5              1.    Each party will disclose the names and full business titles of

6    all in-house counsel.

7              2.    All emails or other documents to, from, or ccing in-house

8    counsel can be excluded from the production, as potentially privileged.

9              3.    The parties can search all ESI for the names of counsel and

10   exclude it from production as potentially privileged.

11             4.    A log of the documents resulting from this search for

12   potentially privileged documents will be generated from the metadata fields to

13   the extent they exist as electronic metadata associated with the original electronic

14   documents ("Expedited Privilege Log"), and shall promptly be produced to the

15   Requesting Party.

16             5.    Documents identified on the Expedited Privilege Log need

17   not be reviewed before being logged and withheld from production, or at any

18   time thereafter, unless the Requesting Party requests further review as described

19   below.

20        B.    Outside Counsel.

21             1.    Without disclosing the name of outside counsel, each party

22   may search the text of electronic documents and any associated metadata fields

23   for names of outside counsel who were retained by the party.

24             2.    The documents resulting from the above-described search

25   shall be logged in an Expedited Privilege Log in the same manner described in

26   Section III.A above and such logs shall be promptly produced to the Requesting

27   Party.

28

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

6

3.        Documents identified on the Expedited Privilege Log need not be reviewed before being logged and withheld from production, or at any time thereafter, unless the Requesting Party requests further review as described below.

C.        **Requesting Review.**

1.        The Requesting Party shall review the Expedited Privilege Log upon receipt.  If the Requesting Party in good faith has reason to believe particular entries on the Expedited Privilege Log may not reflect privileged documents, it can request that the Responding Party review those particular documents.

2.        If the Responding Party determines upon review that the particular entries at issue reflect documents that are privileged, it shall generate a privilege log for that entry in compliance with Fed. R. Civ. P. 26(b)(5).

3.        If the Responding Party determines upon review that the particular entries at issue reflect documents that are non-responsive to the Requesting Party's Requests for Documents, it shall inform the Requesting Party of this determination in writing.

4.        If the Responding Party determines the particular entries at issue reflect non-privileged and responsive documents, it shall promptly produce the same to opposing counsel.

D.        **Other Documents.**

To the extent responsive documents are not identified and logged using the metadata-generated privilege log, yet are withheld from production because they contain privileged materials or information, the Responding Party shall generate a privilege log for each such document in compliance with Fed. R. Civ. P. 26(b)(5).

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

7

1    E.    Nonwaiver and Clawback Agreement.

2         1.    Non-Waiver.  The inadvertent production of material that is

3    subject to the attorney-client privilege, work product doctrine or other privilege,

4    protection or immunity from discovery shall not be deemed to be a waiver of the

5    Responding Party's right to assert a claim of privilege, work product or other

6    protection or immunity with respect to the produced materials and/or any

7    materials related to the subject matter thereof.

8         2.    Clawback.  Any party who inadvertently discloses

9    documents that are privileged or otherwise immune from discovery shall,

10   promptly upon discovery of such inadvertent disclosure, so advise the Receiving

11   Party and request that the documents be returned.  The Receiving Party shall

12   return such inadvertently produced documents, including all copies, within 10

13   days of receiving such a written request.  The party returning such inadvertently

14   produced documents may thereafter seek re-production of any such documents

15   pursuant to applicable law.

16   III.   **Production Formats for Electronic Documents.**

17        A.    **Production Format.**

18         Electronic  documents  and  any  associated  metadata  should  be

19   produced in any reasonable form requested by the Requesting Party as agreed to

20   by  the  parties  after  consultation  among  the  parties  and  with  any  electronic

21   discovery vendors retained by the parties.

22        B.    **Production Rules.**

23         1.    De-duplication.  Parties may de-duplicate globally.  Each party

24   will disclose the methodology it used to de-duplicate (e.g., MD5 Hashing, SHA-

25   1).

26         2.    Near De-duplication. The parties agree that the use of near-de-

27   duplication protocols can reduce the cost of the review and production of ESI.

28   Parties are not required to use near-de-duplication protocols, but, if they choose

MORRIS PETERSON
ATTORNEYS AT LAW
DO BANK OF AMERICA PLAZA
100 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1  to do so, the Responding Party shall disclose to the Receiving Party the near-de-

2  duping protocol intended to be used prior to employing such protocol.  The

3  Receiving Party shall have up to 3 days to object to the Near De-Duplication.

4  The parties will conference in good faith if the Receiving Party objects to the

5  Near De-Duplication protocol.

6         3.     Presumption.  Documents excluded by the de-duplication or

7  near de-duplication process are deemed non-responsive.  The parties shall have

8  no obligation to search or produce any document excluded by this protocol.

9  **C.     Production Sample.**

10        The parties and any electronic discovery vendors they retain shall

11  consult in good faith in advance of any large scale production to identify and

12  resolve any format or compatibility concerns in advance of the production.

13                    **HARD COPY DOCUMENTS**

14        The parties shall conduct a reasonable search for hard copy

15  documents consistent with the Federal Rules of Civil Procedure.  Responsive and

16  non-privileged documents should be provided as follows:

17  **A.     Format.**

18        The parties agree to produce hard copy documents in an electronic,

19  text searchable format as agreed to by the parties after consultation among the

20  parties and with any electronic discovery vendors they retain.

21  **B.     Unitizing of documents.**

22        In scanning paper documents, distinct documents should not be

23  merged into a single record, and single documents should not be split into

24  multiple records (i.e., paper documents should be logically unitized).

25  **C.     Parent-Child Relationships.**  Parent-child relationships (the

26  association between an attachment and its parent document) should be

27  preserved.

28

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

D.    **Objective Coding Fields.**

At least the following objective coding fields should be provided for all hard copy documents:

      a.    Beginning Bates Number

      b.    Ending Bates Number

      c.    Beginning Attachment Number

      d.    Ending Attachment Number

      e.    Source and Custodian Information

E.    **Production Sample.**

The parties and any electronic discovery vendors they retain shall consult in good faith in advance of any large scale production to identify and resolve any format or compatibility concerns in advance of the production.

<u>SCOPE OF AGREEMENT</u>

The parties agree that this Plan shall govern the conduct of ESI and hard copy document production with respect to the issues addressed in this Plan.  The parties may seek to alter the scope and requirements of this Plan for good cause by Order of the Court.  Nothing in this Plan is intended to waive any privileges

MORRIS PETERSON
ATTORNEYS AT LAW
30 BANK OF AMERICA PLAZA
100 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1   or, except as specifically provided herein, to impose obligations different than

2   those contained in the Federal Rules of Civil Procedure.

3

4        AGREED this ___1st__. day of October, 2010.

5

6   MORRIS PETERSON                          HALL PRANGLE & SCHOONVELD
                                             LLC
7
    By:                                      By:
8      Steve Morris, Bar No. 1543              Michael E. Prangle, Bar No. 8619
9      Akke Levin, Bar No. 9102                Jonquil L. Urdaz, Bar No. 10783
       900 Bank of America Plaza               777 N. Rainbow Blvd., - Suite 225
10     300 South Fourth Street                 Las Vegas, Nevada  89107
       Las Vegas, Nevada  89101
11                                           and
    Attorney for Plaintiffs
12  Olin Corporation and Pioneer
    Americas LLC                             Peter E. Kanaris (admitted *pro hac vice*)
13                                           Megan E. Ritenour (admitted *pro hac
    and                                      vice*)
14                                           David E. Heiss (admitted *pro hac vice*)
    Craig C. Martin (*pro hac application    FISHER KANARIS, P.C.
15  pending*)                                200 S. Wacker Drive, 22nd Floor
    Eamon P. Kelly (admitted *pro hac vice*) Chicago, Illinois  60606
16  JENNER & BLOCK LLP
    353 N. Clark Street                      Attorneys for Defendant
17  Chicago, IL  60654-3456                  Continental Casualty Co.
    Telephone:  (312) 222-9350
18  Facsimile:  (312) 527-0484
    cmartin@jenner.com                       SNELL & WILMER
19  ekelly@jenner.com
                                             By:
20  – and –
                                               Amy M. Samberg, Bar No. 10212
21  Lorelie S. Masters (admitted *pro hac      Chad R. Fears, Bar No. 6970
    vice*)                                     3883 Howard Hughes Pkwy - #110
22  JENNER & BLOCK LLP                         Las Vegas, Nevada  89169
    1099 New York Ave., NW - Suite 900
23  Washington, DC  20001                    Attorneys for Defendants
    Telephone:  (202) 639-6000               Factory Mutual Insurance Co.;
24  Facsimile:  (202) 631-4924               Zurich American Insurance Co.;
    lmasters@jenner.com                      National Union Fire Insurance
25                                           Company of Pittsburgh, Pennsylvania
    Attorneys for Plaintiff                  and Ace American Insurance Co.
26  Olin Corporation

27                                           IT IS SO ORDERED.

28
                                             UNITED STATES MAGISTRATE JUDGE
    MORRIS PETERSON
    ATTORNEYS AT LAW                         DATE: OCTOBER 13, 2010
    00 BANK OF AMERICA PLAZA
    300 SOUTH FOURTH STREET
    LAS VEGAS, NEVADA 89101
    702/474-9400
    FAX 702/474-9422

**EXHIBIT A**

Henderson Back-Up Tape Inventory as of August 25, 2010

| Tape Number | Last Backup Date |
|:-----------:|:----------------:|
| 3 | 9/28/2009 |
| 7 | 11/19/2009 |
| 5 | 12/3/2009 |
| 4 | 1/7/2010 |
| 8 | 1/23/2010 |
| 11 | 2/4/2010 |
| 9 | 2/11/2010 |
| 10 | 2/25/2010 |
| 6 | 3/4/2010 |
| 2 | 4/8/2010 |
| 1 | 5/20/2010 |
| 12 | 6/10/2010 |
| 17 | 6/17/2010 |
| 19 | 6/24/2010 |
| 20 | 7/1/2010 |
| 13 | 7/15/2010 |
| 16 | 7/22/2010 |
| 18 | 7/29/2010 |
| 24 | 8/5/2010 |

MORRIS PETERSON
ATTORNEYS AT LAW
300 BANK OF AMERICA PLAZA
100 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422