UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| OLIN CORPORATION, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2:10-cv-00623-GMN-RJJ |
| vs. | ) | |
| | ) | **ORDER** |
| CONTINENTAL CASUALTY COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Defendant Continental Casualty Company's ("Defendant") Motion to Dismiss or, Alternatively, Transfer Venue to the Eastern District of Missouri (ECF No. 21). Plaintiffs Olin Corporation and Pioneer Americas LLC (collectively, "Plaintiffs") filed a Response (ECF No. 49), to which Defendant submitted a Reply (ECF No. 56). For the reasons that follow, Defendant's Motion will be DENIED.

**I.     BACKGROUND**

Plaintiff Pioneer Americas LLC is a wholly-owned subsidiary of Plaintiff Olin Corporation. Pioneer operates a chlor alkali plant in Henderson, Nevada, with respect to which Olin purchased two types of insurance coverage. One insurance policy, which Olin purchased from Defendant Continental Casualty, covered damage and loss from accidental breakdowns to machinery and equipment at the plant. The other policy, which Olin purchased from the remaining Defendants, provided general, all-risk property insurance coverage for the plant.

In December of 2008, the plant experienced breakdowns in its machinery that implicated both insurance policies. When Plaintiffs sought to collect under its insurance

policy with Defendant Continental Casualty, Continental Casualty refused to pay a large portion of the losses and damages Plaintiffs claimed to be owed. Continental Casualty then filed a Complaint in the United States District Court for the Eastern District of Missouri, requesting declaratory relief adjudicating its and Olin's rights under the relevant insurance policy. Plaintiff Olin is headquartered in the territory over which the Eastern District of Missouri has jurisdiction and the insurance policy was apparently negotiated and consummated there. Continental Casualty was the only plaintiff in that lawsuit and Olin was the only defendant.

Sixty-two days later, Olin and Pioneer filed this lawsuit in the District of Nevada, naming as defendants Continental Casualty, Factory Mutual Insurance Company, Zurich American Insurance Company, Zurich Insurance Ireland LTD., National Union Fire Insurance Company of Pittsburgh, Pennsylvania, and Ace American Insurance Company and seeking a global resolution of the parties' rights under the applicable insurance agreements. In response, Continental Casualty filed the instant Motion to Dismiss (ECF No. 21), contending that the Nevada case should be dismissed under the first-to-file rule or, alternatively, transferred to the Eastern District of Missouri.

However, shortly after Continental Casualty filed its Motion, Judge Jean C. Hamilton, of the Eastern District of Missouri, transferred the case Continental Casualty had initiated in her District to the District of Nevada. (*See* Ex. A, ECF No. 49.) In her Order transferring the case, Judge Hamilton found that "the factors outlined in 28 U.S.C. § 1404(a) require transfer of this action to Nevada." (*Id.* at 4.) Specifically, Judge Hamilton found that the convenience of the witnesses favored transfer to the District of Nevada, as did access to proof in light of the fact that the insurance policy and documents related to it "are easily transportable and viewable in any location, unlike the Nevada Plant." (*Id.* at 3-4.)

The transferred case is now assigned to this Court and is pending as case number 2:10-cv-01298-GMN-PAL.  Plaintiffs claim that Continental Casualty's Motion is consequently moot and should be denied.  The Court agrees.

## II.     DISCUSSION

### A.     Dismissal under the "First-to-File" Rule

Judge Thomas A Wiseman, Jr. of the United States District Court for the Middle District of Tennessee was confronted with a procedural situation nearly identical to this one in *Word Music, LLC v. Priddis Music, Inc.*, No. 3:07cv0502, 2007 WL 3231835 (M.D. Tenn. Oct. 30, 2007).  In that case, one of the defendants had filed a complaint for declaratory relief and indemnification in the United States District Court for the Northern District of California three weeks before the plaintiffs filed their action in the Middle District of Tennessee. *Id*. at *1.  Citing the first-to-file rule, the defendant in the Middle District of Tennessee moved for the dismissal of the case pending in that district. *Id*.  However, before the defendant's motion was decided, the case the defendant had filed in the Northern District of California was transferred to the Middle District of Tennessee and assigned to Judge Wiseman, who was already presiding over the related case pending there. *Id*.  Judge Wiseman determined that this course of events "render[ed] moot the 'first-to-file' argument" and therefore denied the defendant's motion to dismiss. *Id*.  The same result is appropriate here.

"When two cases involving the same parties and issues are filed in two federal districts, the first-to-file rule permits the second district to exercise its discretion to transfer, stay, or dismiss the second suit in the interests of efficiency and judicial economy." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1156 (9th Cir. 2007). "However, this 'first to file' rule is not a rigid or inflexible rule to be mechanically

applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). The purpose of the rule is to "avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Thus, the purpose of the first-to-file rule can even be served by applying the rule "where related cases are pending before two judges in the same district." *Id.*

Where, however, both cases are before the same judge, the concerns about treading upon the authority of other courts or blindly engaging in duplicative litigation become far less pertinent. After reviewing the pleadings and filings in both of the related cases currently before the Court, it appears as though Defendant's proposed approach of dismissing the instant case and essentially requiring Olin to file an entirely new case against all of the Defendants but Continental Casualty would lead to the more piecemeal and less efficient result. Rather, the Court is inclined--in the interests of judicial economy and ensuring a global resolution--to consolidate the two cases.

Given that the concerns underlying the first-to-file rule are no longer relevant due to the procedural posture of this and the related case, this Court will follow Judge Wiseman's example and deny Continental Casualty's Motion to Dismiss.

**B.     Transfer of Venue**

Although the first-to-file doctrine upon which Continental Casualty relies in its Motion to Dismiss is based upon the principles of comity and judicial deference, Continental Casualty requests, in the alternative, that this Court disregard the findings of Judge Hamilton's transfer order and transfer this case to the Eastern District of Missouri. That request will also be denied.

This Court is not jurisdictionally barred from overruling Judge Hamilton's transfer order in the related case, *see Kern Oil and Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1390 (9th Cir. 1986) ("While it is true that district courts do not normally overrule each other after a case is transferred, that rule is prudential, rather than jurisdictional."), but it finds the rationale underlying Judge Hamilton's order to be persuasive. However, even if the Court did not find Judge Hamilton's order persuasive, it would be disinclined to essentially overturn her transfer order, which involved a degree of discretion on Judge Hamilton's part, absent a showing that Judge Hamilton abused her discretion in rendering that order. *See Wilson v. Ohio River Co.*, 236 F. Supp. 96, 98 (S.D.W.Va. 1964) ("Where a discretionary ruling is involved, it is regarded improper for a judge to entertain a motion where a like motion has been denied by another judge of coordinate authority in the same case.").

This case arises out of the breakdown of machinery at a plant located in Nevada and involves the interpretation of insurance policies concerning that plant, at least one of which was signed in the Eastern District of Missouri. To the extent that the resolution of the case will depend on the interpretation of the insurance policy, the policy and related documents can easily be transferred to Nevada. However, to the extent that the case involves a resolution of the underlying facts concerning the equipment breakdowns at the Nevada plant, it would be far more difficult to address those issues in the Eastern District of Missouri because all of that equipment is located in Nevada.

Further, even though Olin and Pioneer provided a declaration specifically naming nine witnesses who reside in Nevada, (*see* Ex. B, ECF No. 49), who would undoubtedly be inconvenienced by a transfer of this case to the Eastern District of Missouri, Continental Casualty has offered nothing more than bare allegations that "[n]umerous witnesses are located in Missouri" in virtue of the fact that Olin's principal place of

business is in Missouri and its insurance policy with Olin was negotiated there. (Reply 8:21-22, ECF No. 56). Just because the policy was negotiated in Missouri does not necessarily mean that numerous, unspecified witnesses still reside there. Rather, it is clear from the declaration submitted by Olin and Pioneer that Olin's employee in charge of insurance procurement is located in Illinois and its chlor alkali division--which Olin and Pioneer claim will be the source of other witnesses--is based in Cleveland, Tennessee (*see* Ex. B, ECF No. 49); however, it is not clear that the bulk of witnesses reside in Missouri.

Finally, contrary to Continental Casualty's arguments, (*see* Reply 8:1-10, ECF No. 56), it does not appear that Missouri law will apply to the interpretation of the insurance contract. In *Pioneer Chlor Alkali Co., Inc. v. National Union*, 863 F. Supp. 1237, 1240-41 (D. Nev. 1994), Chief Judge Roger L. Hunt--who at the time was a United States Magistrate Judge--determined that an insurance policy concerning the same plant at issue in this case should be interpreted under Nevada law in accordance with the "most significant relationship" test, even though the insurance policy was executed in Texas and the owner of the plant had its principal place of business in Texas. Although the court was applying Texas's choice of law test, Nevada and Missouri, which are the states relevant to this case, both employ the same "most significant relationship" test, s*ee, e.g., State Auto Property & Casualty Insurance Co. v. Boardwalk Apartments, L.C.*, 572 F.3d 511, 519 (8th Cir. 2009).

Continental Casualty's attempt to lessen the impact of *Pioneer Chlor Alkali Co.* does nothing to strengthen its argument. Continental Casualty argues: "as this Court is well aware, assuming Nevada law could apply to the facts of this dispute[,] nothing would prevent the Eastern District of Missouri from applying Nevada law," (Reply 8:27-28, ECF No. 56). Likewise, nothing would prevent the District of Nevada from applying

Missouri law, should that be appropriate.

In light of the forgoing, this Court does not find that it would be in the interests of justice or more convenient for the parties and witnesses to transfer this case to the Eastern District of Missouri. *See* 28 U.S.C. § 1404(a). Accordingly, Continental Casualty's Motion will be denied in its entirety.

## CONCLUSION

**IT IS HEREBY ORDERED** that Continental Casualty Company's Motion to Dismiss or, Alternatively, Transfer Venue to the Eastern District of Missouri (ECF No. 21) is **DENIED**.

DATED this 6th day of April, 2011.

_____
Gloria M. Navarro
United States District Judge