# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| OLIN CORPORATION et al,<br><br>    Plaintiffs,<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY et al,<br><br>    Defendants. | 2:10-cv-00623-GMN-RJJ<br><br>**ORDER**<br><br>Defendants Property Insurers' Motion for Protective Order (#91)<br><br>Plaintiffs' Motion to Compel Property Insurers to Respond Fully to Discovery Requests(#92)<br><br>Joint Stipulation Regarding Plaintiff's Motion to Compel #92 and the Property Insurers' Motion for Protective Order #91 (#105) |

This matter came before the Court for a hearing on Defendants Property Insurers' Motion for Protective Order (#91) and Plaintiffs' Motion to Compel Property Insurers to Respond Fully to Discovery Requests (#92). The Court considered the Opposition (#94), the Reply (#101) thereto, the Response (#102) and the Reply (#104) thereto. The Court also considered the parties' Joint Stipulation Regarding Plaintiff's Motion to Compel #92 and the Property Insurers' Motion for Protective Order #91 (#105).

## BACKGROUND

This is an insurance case. Olin Corporation (Olin) runs a chlor alkali plant in Henderson, NV. It purchased two types of insurance coverage to protect damage to the plant. It purchased an all-risk "boiler and machinery" policy from Continental Casualty Company (Continental), and a general insurance policy from Factory Mutual, Zurich American, Zurich Ireland, National

1  Union Fire, and Ace American insurance companies (Property Insurers).

2  In December 2008, the Henderson Plant suffered breakdowns of machinery resulting in physical damage and loss of income and production. Olin then sought to recover for the damages from its insurers, Continental and Property Insurers. Continental admitted liability for a small portion of the damage, but denied all other recovery. Property Insurers have not made a coverage decision. Olin then filed suit, alleging that Continental breached its contract , breached its duty of good faith, and violated Nevada law. It also seeks declaratory judgment finding that it has a right to recover under the Continental and Property Insurers policies.

## DISCUSSION

### I.  Defendants Property Insurers' Motion for Protective Order (#91)

In order for the Court to consider any discovery request, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." FED. R. CIV. P. 26(c)(1).

This requirement has been met. Property Insurers met telephonically with Olin on two occasions to discuss the discovery problems, but were unable to reach an agreement. Samberg Declaration at 9, 10 ¶¶ 14-16, Attached to Defendants' Motion (#91).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The party seeking a protective order bears the burden of asserting good cause by "showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Good cause must be shown "for each particular document it seeks to protect." *Id*. For this purpose, motions for protective order must "set forth in full the text of the discovery originally sought and the response thereto, if any." LR 26-7(a).

The motion does not comply with LR 26-7(a), but Property Insurers did attach copies of their answers to Olin's interrogatories (Exhibit U) and requests for production (Exhibit V) to its

Motion for Protective Order (#91).  However, Property Insurers do not specify from which interrogatories or requests for production they should be protected.  Property Insurers ask the Court to "enter a Protective Order in support of all their General and Specific Objections to the various categories of premature and otherwise inappropriate written discovery Olin seeks from them via Plaintiff's First Set of Interrogatories to the Property Insurers and Plaintiff's First Set of Requests to Produce Documents to the Property Insurers."  Defendants Motion for Protective Order (#91) at 17 ll. 3-6.  Without specificity, the court cannot determine which discovery would result in specific prejudice or harm if no protective order is granted.  Instead, Property Insurers argue that they should be protected from providing any discovery related to the following:

> most of the information in [Property Insurers'] Claim File (other than claim-related correspondence between them and Olin, and copies of the policies, which it is reasonably believed Olin already has in its possession), their Underwriting File, premium setting information, reserves and reinsurance, and general company-wide manuals, guidelines, claims-handling procedures, directives relating to policy drafting and policy drafting history, and other such information.

Defendants' Motion for Protective Order (#91) at 13 ll. 5-10.  Property Insurers argue that they should be protected from providing this information because it is not relevant to Olin's declaratory judgment action and because Olin's claims are premature.  Property Insurers assert that Olin's claim is premature because Property Insurers have yet to make a coverage determination due to Olin's failure to comply with contractual preconditions to filing suit.  In other words, Property Insurers argue that it should not be obligated to provide discovery because Olin's claims are not yet ripe.

  A.  Whether the Timing of Olin's Discovery Requests Constitute Good Cause

  A case is not ripe if it rests upon contingent future events that may not occur as anticipated, or may not occur at all.  *Texas v. United States*, 528 U.S. 296, 300 (1998).  Property Insurers' coverage decision remains uncertain.  However, "instead of filing a Motion to Dismiss Olin's Complaint for lack of ripeness, the Property Insurers objected to certain of Olin's written discovery requests..."  Defendants Motion for Protective Order (#91) at 12-13.  "Because ... ripeness pertain[s] to federal courts' subject matter jurisdiction, [it is] properly raised in a Rule

1  12(b)(1) motion to dismiss." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122
2  (9th Cir. 2010). Accordingly, the Court will not address the ripeness issue until it is brought
3  forth in a proper motion and fully addressed by the parties.
4      The fact that Property Insurers have not yet made a coverage decision does not preclude
5  Olin from seeking and obtaining discovery. *See Moe v. System Transport, Inc.*, 270 F.R.D. 613,
6  625 (D. Mont. 2010) (holding that where an insurer has not yet formally denied a claim, the
7  insurer bears the burden of persuading the court that the claim file and other information
8  regarding the claim should be protected from discovery). The fact that the parties dispute the
9  validity of Olin's claim and the satisfaction of contractual prerequisites thereto, does not absolve
10 Property Insurers of the obligation to participate in discovery.
11     As to the timing of discovery,"[a] party may not seek discovery from any source before
12 the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial
13 disclosure under Rule 26(a)(1)(B), or when authorized by [the Federal] rules, by stipulation, or
14 by court order." FED. R. CIV. P. 26(d)(1). In this case, the parties conferred as required by Rule
15 26(f), and so Olin's discovery requests were not premature. Stipulated Discovery Plan and
16 Scheduling Order (#59) at 1 ¶ 1. Therefore, the timing of Olin's discovery requests does not
17 constitute good cause justifying the need for a protective order.
18     B.  Whether Olin's Discovery Requests are Relevant
19     "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
20 party's claim or defense." FED. R. CIV. P. 26(b)(1). Production of information that is not relevant
21 is an inherently undue burden. *Jimenez v. City of Chicago*, 773 F.Supp.2d 1268, 1273
22 (W.D. Wash. 2010). If discovery sought is not relevant, the court should restrict discovery by
23 issuing a protective order. *Roehrs v. Minnesota Life Ins. Co.*, 228 F.R.D. 642, 644
24 (D. Ariz. 2005) (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979). District courts have broad
25 discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor*
26 *Productions*, 406 F.3d 625, 635 (9th Cir. 2005).

4

Property Insurers assert that certain categories of information should be protected because they are not relevant to Olin's declaratory judgment action. This information breaks down into three main categories: 1) claim file information; 2) premium setting information; and 3) reserves and reinsurance information.

### 1. Claim File Information

This category includes the claim file, underwriting information, general company-wide manuals, guidelines, claims-handling procedures, directives relating to policy drafting, and policy drafting history. Property Insurers assert that this information is not relevant until Olin provides a properly supported Proof of Loss, further and that it would not be relevant even if Property Insurers deny coverage, because it is outside the scope of Olin's declaratory judgment claim.

Olin argues that this information is relevant because it would provide Property Insurers' expectations, interpretations, and understandings of the policy, as well as show whether Olin's claim falls within the policy, and whether Olin provided enough information to satisfy the policy's requirements.

Here, Property Insurers relevancy argument fails because the claim file information is relevant to Property Insurers' first, second, and third affirmative defenses. Those defenses assert that Olin has not provided all the information necessary to allow Property Insurers to make a coverage determination, that Olin failed to comply with and are in breach of applicable policy provisions, and that Olin's claim falls outside the policy's coverage grant. Defendants Answer (#22) at 21-22. At the hearing, counsel for Property Insurers argued that these affirmative defenses were conditional because the were made only "to the extent" that each defense might apply, and that such conditionality functioned as a limitation on the scope of discovery. However, this argument must fail because pursuant to FED. R. CIV. P. 26(b)(1), Olin is entitled to discover any nonprivileged matter that is relevant to any party's defense. If Property Insurers raises a defense, albeit conditionally, Olin still has a right to obtain discovery relevant to that conditional defense. Because the claim file information is relevant to whether the incident at

issue falls within the policy's coverage, there is no good cause to justify issuance of a protective order for that information.

### 2. Premium Setting Information

Property Insurers argue that premium setting information is not relevant because Olin "has not disputed that it received the type or extent of coverage it requested and for which it paid." Defendants' Reply (#101) at 11 ll. 11-12. Olin asserts that it is relevant because it may produce information regarding Property Insurers' understanding of what they were covering and the intent of that coverage, including whether Olin has satisfied conditions required in order to bring a claim or suit.

Here, Olin's sole claim is for a declaratory judgment stating that it has a right to recover from Property Insurers. The type and extent of coverage requested and paid for is directly relevant to whether Olin has a right to recover from Property Insurers for the alleged loss. Because premium setting information is relevant and discoverable, there is no good cause to justify a protective order.

### 3. Reserve and Reinsurance Information

#### a. Reserves

Property Insurers argue that reserves are not relevant to the limited scope of Olin's declaratory judgment action because there has been no denial of coverage, no claim of bad faith, nor any claim for breach of contract. Olin argues that reserve information may "reveal the scope of Property Insurers' knowledge of the claim, including whether Property Insurers had sufficient information to make a coverage decision." Plaintiff's Motion to Compel (#92) at 20 ll. 21-23.

Reserves "must have some relationship to the insurer's estimation of the insured's potential liability. Otherwise, the setting aside of reserves would serve little, if any, purpose." *U. S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 244 F.R.D. 638, 644 (D. Kan. 2007) (*quoting North River Ins. Co. v. Greater New York Mut. Ins. Co.*, 872 F.Supp. 1411, 1412 (E.D. Pa. 1995).

Here, whether Property Insurers set any reserve and the amount of the reserve set is

6

relevant to whether Olin is entitled to recover under the policy because it could show evidence of Property Insurers initial evaluation of the sufficiency of Olin's Proof of Loss.  This is also relevant to whether the incident at issue falls within the coverage provided by the policy.  Though its probative value for the proposition that setting a reserve, required by law, somehow constitutes an admission of coverage by Property Insurers may be questionable, it is relevancy to whether the incident is covered.  Thus, Property Insurers have not shown good cause justifying the need for a protective order for reserve information.

### b. Reinsurance

Property Insurers argue that reinsurance information is not relevant because there is no claim of bad faith or breach of contract.  Further they argue that FED. R. CIV. P. 26(a)(1)(A)(iv) does not require absolute production of reinsurance information.

Olin argues the reinsurance is discoverable under FED. R. CIV. P. 26(a)(1)(A)(iv) whether relevant or not.  It also contends that reinsurance information and communications with reinsurers are relevant because they may reflect Property Insurers' assessment and understanding of its coverage obligations.

Rule 26(a)(1)(A)(iv) requires disclosure of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."  However, it does not require an insurer to produce its assessment of a claim.  *Teck Metals, Ltd. v. London Market Ins.*, 2010 WL 4813807 *9, 2010 U.S. Dist. LEXIS 127902 *25 (E.D. Wash. 2010).  Therefore, if Property Insurers have any agreements with reinsurers that might be liable to satisfy all or part of a possible judgment or to indemnify or reimburse Property Insurers for payments it might make to satisfy a possible judgment, then that agreement must be disclosed for inspection and copying as under FED. R. CIV. P. 34, as required by FED. R. CIV. P. 26(a)(1)(A)(iv).

Communications with reinsurers are only discoverable if they are relevant to a party's claim or defense.  Communications between Property Insurers and reinsurers may contain

information relevant to whether Olin has a right to recover under the policy. Specifically, communications with reinsurers may contain information related to Property Insurers' analysis regarding the sufficiency of Olin's proof of loss, and its satisfaction of contractual prerequisites, which are affirmative defenses raised by Property Insurers. There is no good cause to support a protective order for reinsurance information.

### C. Conclusion

For the reasons stated above, the Court can find no good cause supporting the issuance of a protective order for the classes of information identified by the Property Insurers. Furthermore, Property Insurers failed to comply with LR 26-7(a), nor did they identify the specific interrogatories and requests for production from which it desired protection. In addition, the Court has found that the categories of information sought are relevant to either Olin's claim or Property Insurers' defenses. In essence, Property Insurers seek to be protected from any discovery until such a time as they feel Olin has provided a satisfactory proof of loss. However, instead of filing a motion to dismiss for lack of subject matter jurisdiction, Property Insurers objected to Olin's discovery requests. The Court finds no good cause has been provided to support a protective order at this time. Therefore, Defendants Property Insurers' Motion for Protective Order (#91) must be **DENIED**.

**II. Plaintiff's Motion to Compel Property Insurers to Respond Fully to Discovery Requests (#92)**

Plaintiff's Motion to Compel Property Insurers to Respond Fully to Discovery Requests (#92), runs parallel to Defendants' Motion for Protective Order (#91) in that it seeks to compel the same discovery Property Insurers seeks to protect. The parties' substantive arguments are identical for both motions. In fact, Property Insurers' Response (#102) to Olin's motion to compel is identical to Property Insurers' Reply (#101).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "[A] party may move for an order compelling disclosure or discovery." FED. R. CIV P. 37(a)(1). A party seeking an order to

compel an answer or production of documents may do so if a party fails to respond to an interrogatory or fails to permit inspection of documents. FED. R. CIV. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV P. 37(a)(4).

Here, Property Insurers objections to discovery, that it is not relevant and premature, are not proper.. Olin is entitled to discover the information sought because it is relevant to either its claim or Property Insurers' defenses. Therefore, Plaintiff's Motion to Compel Property Insurers to Respond Fully to Discovery Requests (#92) is **GRANTED**.

**III. Joint Stipulation Regarding Plaintiff's Motion to Compel #92 and the Property Insurers' Motion for Protective Order #91 (#105)**

The parties filed this stipulation to advise the Court of another, related discovery dispute that arose after both motions discussed above were filed. Olin has served a Rule 30(b)(6) notice on defendant, Factory Mutual Insurance Co., and another notice of deposition for Thanh Tien, an adjuster at Factory Mutual Insurance Co. The parties advised the Court that all of their substantive arguments for and against the taking of the depositions are within the scope of the briefing on Property Insurers' Motion for Protective Order (#91) and Olin's Motion to Compel (#92), and stipulated that the deposition issue could be resolved along with those motions.

Because Property Insurers objections to discovery are improper, there is no good cause to support the issuance of a protective order preventing the depositions of Thanh Tien and Factory Mutual Insurance Company. Discovery should proceed forthwith, according to the schedule set by the Court in its Order (#125). Therefore, the Stipulation (#105) is **DENIED**.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendants Property Insurers' Motion for Protective Order (#91) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Compel Property Insurers to Respond Fully to Discovery Requests(#92) is **GRANTED**.

IT IS FURTHER ORDERED that the Stipulation (#105) is **DENIED**.

IT IS FURTHER ORDERED that the responses to Requests to Produce and answers to interrogatories must be provided on or before September 21, 2011.

IT IS FURTHER ORDERED that the depositions shall be re-noticed by Olin and shall proceed at a time convenient to the parties and the deponents.

DATED this __30th__ day of August, 2011.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge