UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OLIN CORPORATION and PIONEER AMERICAS LLC D/B/A OLIN CHLOR ALKALI PRODUCTS,<br><br>   Plaintiffs,<br> vs.<br><br>CONTINENTAL CASUALTY COMPANY; FACTORY MUTUAL INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY; ZURICH INSURANCE IRELAND LTD.; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA; and ACE AMERICAN INSURANCE COMPANY,<br><br>   Defendants. | Case No.: 2:10-cv-00623-GMN-RJJ<br><br>**ORDER** |

This is an insurance contract action originally filed by Plaintiffs Olin Corporation and Pioneer Americas LLC d/b/a Olin Chlor Alkali Products ("Plaintiffs" or "Olin Corporation") (ECF No. 1), and later consolidated with the insurance contract action filed by Defendant Continental Casualty Company ("Continental Casualty") (ECF No. 1, Case No. 10-cv-01298-GMN-PAL). (*See* Order, April 6, 2011, ECF No. 120.)

Pending before the Court are the various motions for summary judgment and partial summary judgment filed by Defendants Factory Mutual Insurance Company, Zurich American Insurance Company, National Union Fire Insurance Company of Pittsburgh Pennsylvania, and Ace American Insurance Company (collectively, "Property Insurers"), and by Defendant Continental Casualty Company ("Continental Casualty"). (ECF Nos. 148, 157, 153, 155, 156, 149, 150, 151.)

Also before the Court is the Motion for Leave to File Excess Pages (ECF No. 161) filed by Plaintiffs Olin Corporation, and the Motion for Hearing (ECF No. 195) filed by Defendant Continental Casualty.

**I. BACKGROUND**

Plaintiffs Olin Corporation filed the Complaint (ECF No. 1) against Defendants on April 29, 2010.  Defendant Zurich Ireland Ltd. was dismissed from this action by stipulation in October 2010. (ECF No. 68.)  The Property Insurers Defendants filed an Answer (ECF No. 22) and a First Amended Answer (ECF No. 37), and Defendant Continental Casualty filed an Answer (ECF No. 123).  Plaintiffs have not filed an Answer to Continental Casualty's Complaint (ECF No. 1, Case No. 10-cv-01298-GMN-PAL).

Defendant Continental Casualty filed a Motion for Summary Judgment (ECF No. 148), a Memorandum in Support (ECF No. 157), and a Memorandum of Law and Statement of Undisputed Material Facts (ECF No. 153) that total thirty-seven pages, and Exhibits that total two thousand six hundred and sixty-six pages (ECF Nos. 153, 155, 156).  The remaining Defendants filed a five-page Response to Continental Casualty's motion (ECF No. 160), as well as three documents styled as motions for partial summary judgment (ECF Nos. 149, 150, 151) that total seventy-nine pages, with Exhibits that total one thousand one hundred and sixteen pages (ECF Nos. 152, 154) and Supplements that total forty-two pages (ECF Nos. 189-190).

As a result, Plaintiffs Olin Corporation filed a Motion for Leave to File Excess Pages (ECF No. 161) in opposition to Defendant Continental Casualty's motion, with a total of eighty-four pages, and Exhibits totaling one thousand six hundred and seventeen pages (ECF Nos. 167-173).  Plaintiffs Olin Corporation also filed three Responses to the motions for partial summary judgment that total seventy-six pages (ECF Nos. 164-166).

Collectively, Defendants filed ninety-three pages in Reply to the various opposition briefs (ECF Nos. 184-188).

The total number of pages for the documents described above is five thousand six hundred and nineteen pages.

## II. LEGAL STANDARD

Local Rule 7-4 of the Local Rules of Civil Practice for the District of Nevada provides:

> Unless otherwise ordered by the Court, pretrial and post-trial briefs and points and authorities in support of, or in response to, motions shall be limited to thirty (30) pages including the motion but excluding exhibits. Reply briefs and points and authorities shall be limited to twenty (20) pages, excluding exhibits. Where the Court enters an order permitting a longer brief or points and authorities, the papers shall include a table of contents and table of authorities.

## III. DISCUSSION

Here, Defendants either neglected to observe the requirements of Local Rule 7-4, or chose to ignore the rule and instead circumvent the purpose of the rule by filing multiple documents for the same motion. The only parties to observe the rule are Plaintiffs, who filed their Motion for Leave to File Excess Pages (ECF No. 161) after receiving Defendants' motions that were in excess of the page limits. No Defendant requested leave to file excess pages or gave an explanation of good cause as to why excess pages are necessary.

Accordingly, the Court will deny without prejudice all of Defendants' motions for summary judgment, with leave to re-file according to Local Rule 7-4. If Defendants wish to re-file the motions in excess of the page limits, Defendants may file a motion requesting leave to file excess pages, with an explanation of why good cause exists to grant the motion.

As a result, Plaintiffs' Motion for Leave to File Excess Pages (ECF NO. 161) will be denied as moot.

Because Defendant Continental Casualty's Motion for Hearing (ECF No. 195) relates to the motion for summary judgment, the Motion for Hearing will be denied as moot.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Continental Casualty's Motion for Summary Judgment (ECF No. 148) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Defendants Property Insurers' motions for partial summary judgment (ECF Nos. 149, 150, 151) are **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Excess Pages (ECF No. 161) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Defendant Continental Casualty's Motion for Hearing (ECF No. 195) is **DENIED as moot.**

DATED this __12__ day of July, 2012.

_____
Gloria M. Navarro
United States District Judge