**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Olin Corporation; and Pioneer Americas LLC d/b/a Olin Chlor Alkali Products,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>Continental Casualty Company, *et al.*,<br><br>　　　　　　Defendants. | Case No.: 2:10-cv-00623-GMN-NJK<br>　　　　　2:10-cv-01298-GMN-NJK<br><br>**ORDER** |
| Continental Casualty Company,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>Olin Corporation,<br><br>　　　　　　Defendant. | |

Pending before the Court is the Motion to Alter or Amend Judgment or, Alternatively, for a New Trial (ECF No. 307), filed by Continental Casualty Company ("Continental"), to which Olin Corporation and Pioneer Americas, LLC d/b/a Olin Chlor Alkali Products (collectively, "Olin") filed a Response (ECF No. 308) and Continental filed a Reply (ECF No. 309). Also before the Court is Continental's Motion to Expedite (ECF No. 310), to which no opposition was filed.

**I.      BACKGROUND**

On February 8, 2013, after a jury trial, the jury returned a verdict in favor of Olin, and the Court entered final judgment accordingly on March 11, 2013, incorporating the terms of the parties' confidential partial settlement agreement. (Order, March 11, 2013, ECF No. 306.)

1   Continental filed the instant Motion to Alter or Amend Judgment or, Alternatively, for a
2   New Trial (ECF No. 307) on April 8, 2013, and filed the instant Motion to Expedite (ECF No.
3   310) on November 4, 2013.  Continental brings its motion pursuant to Rule 59 of the Federal
4   Rules of Civil Procedure, and requests an Order altering or amending the judgment, or, in the
5   alternative, for a new trial.

## II. LEGAL STANDARD

Rule 59 of the Federal Rules of Civil Procedure provides for motions for a new trial, as well as motions to alter or amend a judgment in certain cases where summary judgment has been granted. Fed. R. Civ. P. 59; *see School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994).

Upon a Rule 59(a) motion, and after a jury trial, the Court may grant a new trial on all or some of the issues, and to any party, "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A).  "A Rule 59 motion for a new trial is confided to the discretion of the district court." *Kode v. Carlson*, 596 F.3d 608, 611 (9th Cir. 2010).

The Ninth Circuit has listed grounds for amending or altering a judgment pursuant to Rule 59(e): (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) if the amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  Although a district court "enjoys considerable discretion" in considering such a motion, "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Id*. (internal quotation marks omitted).

## III. DISCUSSION

Continental brings its motion requesting amendment of the judgment as follows:

1. apply New York law, and not Nevada law, to the action;
2. find that the term "corrosion" is not ambiguous;
3. not apply the ambiguity against Continental;
4. determine that the "efficient proximate cause" doctrine does not apply to boiler & machinery coverage cases;
5. allow evidence of Olin's revised shutdown procedures;
6. exclude Mr. Romine's rebuttal testimony regarding sodium bisulfite.

(Mot. Alter, Amend J., ECF No. 307.)  Alternatively, Continental asks the Court to grant a new trial on these issues. (*Id*.)

Having reviewed the motion, as well as Olin's Response (ECF No. 308) with attached exhibits, and Continental's Reply (ECF No. 309), the Court cannot find that altering or amending the judgment, or granting a new trial, is merited.  Continental's motion primarily relies on the argument that the Court must correct manifest errors of law and fact upon which the judgment rests, and to prevent manifest injustice.  The Court has considered Continental's arguments, and finds no basis to reverse its previous rulings at trial or its previous holdings, and finds no newly discovered or previously unavailable evidence or any intervening change in controlling law that would justify altering or amending the judgment, or granting a new trial.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Alter or Amend Judgment or, Alternatively, for a New Trial (ECF No. 307) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Expedite (ECF No. 310) is **GRANTED**.

**DATED** this 23rd day of December, 2013.

_____
Gloria M. Navarro
United States District Judge